**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

**JOSE CRUZ SANTOS**,

*Petitioner*,

v.

**NIKITA BAKER,** *et al.*,

*Respondents*.

No. 25-cv-18959

**ORDER**

---

**THIS MATTER** comes before the Court by way of a Petition for Writ of Habeas Corpus, (ECF No. 1), and the Court's prior December 24, 2025 Order, (ECF No. 13); and

**WHEREAS**, Petitioner Jose Cruz Santos originally entered the United States in or around July 2002; and

**WHEREAS**, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner in Hyattsville, Maryland on December 10, 2025. By the time the Petition was filed on December 12, 2025 in the United States District Court for the District of Maryland, ICE had transferred Petitioner from its detention facility in Baltimore, Maryland to Newark Liberty International Airport in Newark, New Jersey; and

**WHEREAS**, the parties filed, and the district court granted, a Joint Motion to Transfer the Petition, (ECF Nos. 8, 10), because jurisdiction over the instant Petition is proper in this Court, as the Petition was filed while Petitioner was in ICE custody in Newark, New Jersey, *see Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.");[1] and

**WHEREAS** on December 24, 2025, this Court ordered Respondents to file an expedited answer by December 29, 2025, at 12:00 p.m. which, *inter alia*, affixes "a certification attesting as to the completeness and authenticity of all documents produced and information provided in response" to the Order, "identifies the specific statutory or other legal authority" for Petitioner's detention, and, if finding authority in 8 U.S.C. § 1225(b), why this Court's decision in *Bethancourt Soto v. Soto*, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025) did not control; and

**WHEREAS,** Respondent's answer failed to provide a compliant certification and otherwise "recognize[d] that the attachments [to the answer] do not satisfy the Court's [December 24, 2025] Order in full" such that, pursuant to the Order, their failure to comply "shall result in an Order of immediate release without further notice or an opportunity to be heard," (ECF No. 18); and

**WHEREAS**, in their answer, Respondents continue to erroneously assert Petitioner is

---

[1]   Respondents represented in their answer that Petitioner has since been relocated and is currently detained in Arizona. Nevertheless, this Court's jurisdiction over the instant Petition remains proper because the "unknown custodian" exception "preserve[s] the petitioner's access to the habeas corpus writ" in a prior jurisdiction of confinement where the petitioner is later removed from such jurisdiction and "the custodian or place of confinement, or both, are made unknown to petitioner or [his] attorney." *Rivera Zumba v. Bondi*, No. 25-14626, 2025 WL 2476524, at *6 (D.N.J. Aug. 28, 2025). In any event, by virtue of the joint motion to transfer to this Court, neither party contests this Court's jurisdiction.

lawfully detained pursuant to 8 U.S.C. § 1225(b) and otherwise make no effort to distinguish *Bethancourt Soto*; and

**WHEREAS**, it is clear to the Court that Petitioner is being unlawfully detained because, as set forth in this Court's recent decision in *Bethancourt Soto*, Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, therefore "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediate[ly] release him and enjoin the Government from further similar transgressions," *see, e.g.*, *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained."); the Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for

3

authority later, *see, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at \*7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 29th day of December, 2025,

**ORDERED** that Petitioner's § 2241 Petition is **GRANTED**; Respondents shall **IMMEDIATELY RELEASE** Petitioner under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release and are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that should Respondents later detain Petitioner under § 1226(a) and fail to provide him with a timely bond hearing, Petitioner may seek relief in a court of competent jurisdiction; and it is further

**ORDERED** that the hearing set for December 29, 2025, at 4:00 p.m. is adjourned; and it

is finally

ORDERED that the Clerk of the Court shall CLOSE this case.

CHRISTINE P. O'HEARN
United States District Judge