## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**JOSE CRUZ SANTOS**,

*Petitioner*,

v.

**NIKITA BAKER**, *et al.*,

*Respondents*.

No. 25-cv-18959

**ORDER**

**THIS MATTER** comes before the Court by way of a Letter filed by Respondents, (ECF No. 21), seeking clarification of the Court's prior Release Order, (ECF No. 19); and

**WHEREAS**, the Release Order expressly required Respondents to release Petitioner from their custody pursuant to 8 U.S.C. § 1225(b) on December 29, 2025 "under the same conditions that existed prior to his detention," and confirm the date and time of Petitioner's release with the Court. (*Id.*); and

**WHEREAS**, on December 30, 2025, Respondents submitted a letter to the Court stating that they released Petitioner "under the same conditions that existed prior to his re-detention." (ECF No. 20); and

**WHEREAS**, Petitioner, who had not previously been encountered by Respondents, was not subject to any conditions—monitoring, reporting, or otherwise—prior to the unlawful detention that was the subject of the Release Order. (*See* Gov't Resp., ECF No. 18 at 1–2); but

**WHEREAS**, Respondents now state, contrary to their prior representation to the Court, that "[a]t the time of [Petitioner's] release, ICE issued an Order of Release on Recognizance," ("ROR Order"), (ECF No. 21 at 1), which requires, among other things, Petitioner to report to an

immigration officer on January 29, 2026 and enroll in an "Alternatives to Detention" monitoring program which will "subject [Petitioner] to electronic monitoring," (Gov't Ex. A, ECF No. 21-1 at 2); and

**WHEREAS**, the Court held a hearing on January 27, 2026; and

**WHEREAS**, it now appears to the Court that Petitioner was released from his prior unlawful detention only upon signing the ROR Order, with all attendant conditions therein, such that Respondents violated this Court's Release Order by failing to release Petitioner "under the same conditions that existed prior to his" unlawful detention (which, in this case, there were no pre-detention conditions);[1] therefore

**IT IS,** on this <u>27th</u> day of <u>January</u>, 2026, for the reasons stated on the record of this same date,

**ORDERED** that the ROR Order is hereby **NULL AND VOID** and all conditions purportedly imposed by the ROR Order, including but not limited to the reporting requirement, are null and void; and

**ORDERED** that Respondents shall coordinate with Petitioner and immediately remove any and all conditions of his release improperly set forth in the now null and void ROR Order; and

**ORDERED** that Respondents shall file a letter on the docket confirming full and complete

---

[1] As this Court has observed now on too many occasions, Respondents continue to advance legal positions that are indefensible and illogical. They now claim a lack of clarity when none exists. Here, Respondents plainly disregarded the unambiguous terms of this Court's Release Order by releasing Petitioner subject to an ROR Order with attendant conditions. That is not what this Court ordered, and that is simply not subject to reasonable debate. If Respondents believed this Court erred, the proper recourse is to seek relief through a motion for reconsideration or appellate review. They did neither. Instead, Respondents blatantly disregarded this Court's Order. Executive agencies plainly lack authority to unilaterally revise orders of federal district courts based on their own view of what the law should permit, nor can they substitute their judgment for that set forth in a judicial order. This was not a misunderstanding or lack of clarity; it was knowing and purposeful.

compliance with this Order by January 28, 2026; and

      **ORDERED** that all other provisions of this Court's Release Order, (ECF No. 19), shall remain in full force and effect; and

      **ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of fourteen (14) days following the date of this Order, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted.

**CHRISTINE P. O'HEARN**
**United States District Judge**